IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA,<br>    Plaintiff,<br><br>v.<br><br>FREEWAY TIRE & AUTO, L.L.C. and JERRY COWGER,<br>    Defendants. | |
| JERRY COWGER,<br>    Counterclaimant/Cross-Claimant,<br><br>v.<br><br>TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA,<br>    Counterclaim Defendant,<br><br>and<br><br>FREEWAY TIRE & AUTO, L.L.C.,<br>    Cross-Claim Defendant. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR RULE 56(D) CONTINUANCE AND DENYING WITHOUT PREJUDICE DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT<br><br>Case No. 2:13-CV-805 TS<br><br>District Judge Ted Stewart |
| JERRY COWGER,<br>    Third-Party Plaintiff,<br><br>v.<br><br>KIT VOWLES,<br>    Third-Party Defendant. | |

This matter is before the Court on Plaintiff/Counterclaim Defendant Travelers Casualty Insurance Company of America's ("Travelers") Motion for Rule 56(d) Continuance. For the reasons discussed below, the Court will grant the Motion.

I. BACKGROUND

On December 4, 2012, Defendant Jerry Cowger allegedly suffered injuries after falling from a shipping container while painting a building at Defendant Freeway Tire and Auto, L.L.C. ("Freeway"). Plaintiff Travelers issued a general liability commercial insurance policy to Freeway. That policy does not cover bodily injury to an employee arising out of the course of that employment. However, the policy does cover injuries received by other types of workers, such as a temporary worker or a volunteer worker.

Plaintiff Travelers brought a Complaint for Declaratory Judgment on September 3, 2013, asserting that there was no coverage under the policy because Defendant Cowger was an employee of Freeway at the time of his alleged injuries and that his injuries arose out of the course of his employment. An Amended Complaint for Declaratory Relief was filed on October 29, 2013.

Defendant Freeway filed its Answer on November 22, 2013. Defendant Cowger filed an Answer, Counterclaim, Cross-Claim, and Third-Party Complaint on December 13, 2013. Defendant Cowger alleged that Freeway and its owner, Kit Vowles, were negligent in requesting Cowger to paint the building.

On February 11, 2014, the Court established a Scheduling Order. Under the Scheduling Order, fact discovery is set to close on October 28, 2014. Dispositive motions are due by April

3, 2015, and trial is scheduled for September 8, 2015. The parties exchanged initial pretrial disclosures on or about March 7, 2014, but have engaged in little other discovery.

On May 23, 2014, Defendant Cowger filed a Motion for Summary Judgment. Defendant Freeway filed a similar Motion on June 4, 2014. In each Motion, Defendants argue that Defendant Cowger was a volunteer worker and, thus, covered by the policy. Plaintiff has opposed Defendants' Motions and has filed the instant Motion under Federal Rule of Civil Procedure 56(d). Defendants have not responded to Plaintiff's Rule 56(d) Motion and the time for doing so has now passed.

## II. DISCUSSION

Federal Rule of Civil Procedure 56(d) states that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order."[1]

The party requesting additional discovery must present an affidavit that identifies "the probable facts not available and what steps have been taken to obtain these facts. The nonmovant must also explain how additional time will enable him to rebut the movant's allegations of no genuine issue of material fact."[2] "The general principle of Rule [56(d)] is that

---

[1] Fed. R. Civ. P. 56(d).

[2] *Trask v. Franco*, 446 F.3d 1036, 1042 (10th Cir. 2006) (brackets, citation, and internal quotation marks omitted).

'summary judgment [should] be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition.'"[3]

The question presented in Defendants' Motions for Summary Judgment is whether Defendant Cowger was an employee of Freeway. "Speaking in generality: An employee is one who is hired and paid a salary, a wage, or at a fixed rate, to perform the employer's work as directed by the employer and who is subject to a comparatively high degree of control in performing those duties."[4] Factors to consider in determining whether an individual is an employee, as opposed to an independent contractor, include: "(1) whatever covenants or agreements exist concerning the right of direction and control over the employee . . . ; (2) the right to hire and fire; (3) the method of payment . . . ; and (4) the furnishing of the equipment."[5] The Utah Supreme Court has "consistently held that 'it is the right to control which is determinative.'"[6]

Plaintiff argues that further discovery is required to determine whether Defendant Cowger was an employee, a volunteer worker, or some other type of worker, in order to properly determine whether the policy is implicated. Specifically, Plaintiff seeks discovery on the following issues:

---

[3] *Price ex rel. Price v. W. Res., Inc.*, 232 F.3d 779, 783 (10th Cir. 2000) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.5 (1986)).

[4] *Harry L. Young & Sons, Inc. v. Ashton*, 538 P.2d 316, 318 (Utah 1975). The parties appear to assume that Utah law applies in determining whether Defendant Cowger was an employee. Without deciding the issue, the Court will do the same.

[5] *Id.*

[6] *Utah Home Fire Ins. Co. v. Manning*, 985 P.2d 243, 246 (Utah 1999) (quoting *Bambrough v. Bethers*, 552 P.2d 1286, 1291 (Utah 1976)).

4

(a) the details about how Mr. Cowger came to perform work at Freeway Auto;
(b) the duties and services performed by Mr. Cowger;
(c) details about when and for how long Mr. Cowger performed work at Freeway Auto;
(d) the types and amounts of compensation that Mr. Cowger received from Freeway Auto and/or Mr. Vowles, the reasons Mr. Cowger was given compensation, the circumstances surrounding the rendering of compensation, and whether Mr. Cowger expected compensation;
(e) the level of control and supervision that Mr. Vowles or another person at Freeway Auto had over Mr. Cowger's work;
(f) the frequency, duration, and types of interaction that occurred between Mr. Vowles and Mr. Cowger while Mr. Cowger was performing work at Freeway Auto;
(g) the intentions of Mr. Cowger and Mr. Vowles when they decided that Mr. Cowger would begin performing work at Freeway Auto (i.e., whether the parties intended to form an employer/employee relationship or some other arrangement);
(h) what Mr. Cowger believed his status was at Freeway Auto (i.e., whether Mr. Cowger believed he was an employee and whether Mr. Cowger believed Mr. Vowles was his supervisor and/or employer);
(i) how Mr. Cowger's affiliation and interaction with Mr. Vowles and Freeway Auto compares to the relationship that Mr. Vowles and Freeway Auto had with other employees who performed work at Freeway Auto;
(j) whether Mr. Cowger believed he was performing work at Freeway Auto as an employee, a volunteer, or in some other work capacity, and the reasons for his belief;
(k) whether Mr. Vowles and the other employees at Freeway Auto believed Mr. Cowger was working as an employee, a volunteer, or in some other work capacity, and the reasons for their beliefs;
(l) details about all communications between Mr. Cowger and anyone affiliated with Freeway Auto concerning when Mr. Cowger was to perform work at the station, the types of services Mr. Cowger was to provide, who was responsible to oversee Mr. Cowger's work, how and when Mr. Cowger was to be compensated for his work, etc.;
(m) whether any problems ever arose from Mr. Cowger's presence or work at Freeway Auto and if so, who addressed the issues, and how the problems were resolved;
(n) who is currently performing the jobs and tasks that Mr. Cowger once did for Freeway Auto, how the replacement person(s) came to take on Mr. Cowger's work, how the replacement person(s) are compensated, how many hours the replacement person(s) work, the type of work schedule the replacement person(s) have, etc.[7]

---

[7] Docket No. 41, at 6–7.

All of these issues are relevant in determining Defendant Cowger's status, as either an employee or some other type of worker. Deciding whether Cowger is an employee is critical to the resolution of Plaintiff's liability under the policy and is the central issue addressed in Defendants' Motions for Summary Judgment. Discovery on the above-listed issues is necessary to allow Plaintiff an opportunity to fully respond to Defendants' Motions.

Plaintiff has been unable to discover the facts related to these issues because discovery in this case is still in its early stages. While the parties have exchanged their initial disclosures, little other discovery has taken place. Plaintiff has not had the opportunity to request documents, serve written discovery requests, or take depositions. In support of their Motions, Defendants have submitted the depositions of Cowger and Vowles that were taken in relation to Defendant Cowger's workers' compensation claim before the Utah Labor Commission. However, Plaintiff was not a party to that action and was not present during the depositions. While some of the facts relevant to this dispute were discussed during those depositions, Plaintiff did not have an opportunity to examine Cowger and Vowles and its interests were not identical to those who were in attendance.

Based upon the above, the Court finds that Plaintiff has identified facts that are not currently available, has explained how those facts could help Plaintiff rebut Defendants' Motions for Summary Judgment, and has adequately explained the steps it has taken to discover those facts and why additional time is needed. Therefore, the Court will grant Plaintiff's Motion under Rule 56(d).

## III.  CONCLUSION

It is therefore

ORDERED that Plaintiff/Counterclaim Defendant Travelers Casualty Insurance Company of America's Motion for Rule 56(d) Continuance (Docket No. 41) is GRANTED.  It is further

ORDERED that Defendants' Motions for Summary Judgment (Docket Nos. 34 and 37) are DENIED WITHOUT PREJUDICE.  Defendants may refile their motions, if appropriate, after the close of discovery.

The hearing set for October 21, 2014, is STRICKEN.

DATED this 4th day of August, 2014.

BY THE COURT:

Ted Stewart
United States District Judge